# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

CHRISTOPHER TITTLE                                                                    PLAINTIFF

v.                                                                         No. 4:14CV102-MPM-JMV

MDOC MEDICAL STAFF, ET AL.                                                          DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Christopher Tittle who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Tittle alleges that the defendants have failed to provide him with adequate medical care for back trouble. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

Christopher Tittle alleges that he has a bad disk in his back and that Mississippi Department of Corrections medical personnel are providing only ibuprofen and thus not treating it aggressively enough. He has requested the following relief: (1) that the court procure his medical records from Dr. Derek Moeller, (2) that the court obtain Dr. Moeller's medical opinion regarding Tittle's condition, (3) that the court prohibit Mississippi Department of Corrections officials from punishing him for refusing to work because of back pain, and (4) that the court choose a different doctor to evaluate him. According to the Mississippi Department of Corrections website, Tittle was released from incarceration and placed on Earned Release Supervision on August 13, 2014.

**Denial of Medical Treatment**

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may a court infer knowledge of substantial risk of serious harm by its obviousness. *Id.* Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

In this case, though the court sympathizes with Tittle's predicament during his incarceration, he has not stated a claim for denial of adequate medical care. MDOC medical personnel have examined and evaluated him and have concluded that ibuprofen is the appropriate treatment for Tittle's back condition. Though Tittle's Free World doctor might well have a different opinion, at the

time Tittle filed his complaint, MDOC's treating physician is in the best position to determine the appropriate treatment. Tittle's mere disagreement with the course of treatment chosen does not rise to the level of a constitutional claim. As such, his claim for denial of adequate medical treatment must be dismissed.

In addition, Tittle has requested only injunctive relief in his complaint. As he is no longer incarcerated with the Mississippi Department of Corrections, his requests for relief must be dismissed as moot. *Herman v. Holliday*, 238 F.3d 660 (5th Cir. 2001). In sum, for the reasons set forth above, the instant complaint will be dismissed for failure to state a claim upon which relief could be granted and as moot. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 22nd day of August, 2014.

> **/s/ MICHAEL P. MILLS**
> **UNITED STATES DISTRICT JUDGE**
> **NORTHERN DISTRICT OF MISSISSIPPI**